**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JORDAN MOORHEAD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. A-19-CV-00203-LY** |
| | § | |
| **ELIZABETH JACOBSON KLENE,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## O R D E R

Before this Court are Plaintiff's Motion to Compel Defendant's Answers to Plaintiff's Interrogatory No. 8 and Request for Production No. 9, filed on July 19, 2019 (Dkt. No. 10); Defendant's Response, filed on August 7, 2019 (Dkt. No. 13); and Plaintiff's Reply, filed on August 14, 2019 (Dkt. No. 15). On July 22, 2019, the District Court referred the above motion and related filings to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.  Background

This case arises out of an automobile collision that occurred on October, 26, 2018, in Travis County, Texas. Plaintiff Jordan Moorhead ("Plaintiff") alleges that Elizabeth Jacobson Klene ("Defendant") negligently failed to yield to Plaintiff's motorcycle while he was traveling on Ranch to Market Road 2244, causing him to crash into Defendant's vehicle. Plaintiff alleges that he suffered severe injuries as a result of the collision.

On March 4, 2019, Plaintiff, a citizen of Texas, filed this negligence lawsuit against Defendant, a citizen of Utah, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. On March 28, 2019, Defendant filed an Answer denying negligence and asserting that Plaintiff was at fault for the collision. *See* Dkt No. 5.

Plaintiff alleges that the initial discovery in the case shows that Defendant's vehicle failed to yield to oncoming traffic. Plaintiff contends that the "lack of any attempt to yield supports an inference that Ms. Klene may have been distracted while driving." Dkt. No. 10 at p. 2. Accordingly, on May 29, 2019, Plaintiff served his Second Set of Interrogatories on Defendant and asked, in relevant part, the following:

> **INTERROGATORY NO. 8**
> For each cellular telephone that You had on You on the day of the Subject Incident, please provide the cell phone number and cell phone provider (T-Mobile, AT&T, etc.).

***

> **REQUEST FOR PRODUCTION NO. 9**
> All Your cellular phone records for the period of 2 hours before the Subject Incident to 2 hours after the Subject Incident.

Dkt. Nos. 10-4 at p. 4 and 10-7 at p. 5. Defendant objected to both discovery requests on the bases that the requests were overly broad, sought irrelevant information, and violated the privacy rights of Defendant and non-parties. After the parties failed to resolve the dispute, Plaintiff filed this Motion to Compel seeking an order compelling Defendant to respond appropriately to the above discovery requests. Plaintiff has now limited his Request for Production No. 9 to "all cellular phone records reflecting incoming and outgoing telephone calls and text messages for the period of thirty minutes before and thirty minutes after the incident made the basis of the lawsuit." Plaintiff's Reply at p. 1. Plaintiff further "offers to enter into a protective order to keep Defendant's information and records confidential." *Id.*

## II. Analysis

### A. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "The scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing FED. R. CIV. P. 26(b)(1)). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol*. Co., 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). A party opposing discovery on the basis that it is overbroad and unduly burdensome bears the burden of showing why discovery should be denied. *Wiwa*, 392 F.3d at. "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).

### B. Is Plaintiff entitled to the discovery?

Plaintiff's lawsuit alleges a claim of negligence under Texas law against Defendant.[1] Specifically, Plaintiff alleges that Defendant owed a duty to Plaintiff to exercise ordinary care and that Defendant negligently operated a vehicle on a public roadway while failing to keep a proper lookout, failing to yield the right of way, failing to safely operate the subject vehicle,

---

[1] "A cause of action for negligence in Texas requires three elements. There must be a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

making a left turn when unsafe, and failing to pay attention to attendant traffic and driving conditions. Dkt. No. 2 at ¶ 4.2.

The Court finds that information regarding whether the Defendant was using her cell phone around the time of the accident is relevant to whether Defendant was negligent in this case, and that relevance outweighs Defendant's privacy interests in this case. Courts in this Circuit have consistently held that cell phone records of a defendant around the time of the accident are relevant to whether the defendant was at fault for causing an automobile accident and thus discoverable despite the defendant's privacy interests. *E.g.*, *Vasquez v. Conquest Completion Servs., LLC*, 2018 WL 3611891, at *2 (W.D. Tex. Jan. 10, 2018) (finding that cell phone records of defendant the night before and day of the accident would help the parties prove or disprove many of plaintiff's negligence claims and would enable the parties "to establish a picture of the events leading to the collision"); *Parker v. Bill Melton Trucking, Inc.*, 2017 WL 6554139, at *6 (N.D. Tex. Feb. 3, 2017) (finding that cell phone records limited to the period beginning one hour before the accident and ending one hour after the accident were relevant to the issue of whether driver was distracted despite driver's testimony that she was not on her phone during the accident); *Reynolds v. Cactus Drilling Co., LLC*, 2015 WL 12660112, at *4 (W.D. Tex. Dec. 30, 2015) (finding that cell phone records from the occupants of the subject vehicle at the time of the accident were relevant to the negligence claims made by plaintiffs).[2]

---

[2] *See also Amoah v. Mckinney*, 2016 WL 1698267, at *3 (D. Mass. Apr. 27, 2016) (finding that defendants' request of "all documents pertaining to [plaintiff's] telephone use, including cellphone or smartphone use, on the date of the incident" were "within the proper scope of discovery; it goes without saying that the question of whether plaintiff was using his cell at the time of the accident is 'relevant to [defendants'] defense and proportional to the needs of the case.'") (quoting FED. R. CIV. P. 26(b)(1)).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel (Dkt. No. 10) as modified by Plaintiff's Reply. The Court **HEREBY ORDERS** Defendant to **ANSWER** Plaintiff's Interrogatory No. 8 and Request for Production No. 9 limited to Defendant's cell phone records reflecting incoming and outgoing telephone calls and text messages for the period of thirty minutes before and thirty minutes after the collision at issue in this lawsuit. The Court **FURTHER ORDERS** the Parties to enter into a Protective Order to keep Defendant's information and records confidential.

**SIGNED** on September 9, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE